# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>  Plaintiff,<br><br>  v.<br><br>MANINDER SINGH, Trustee under the NIRBHAI SINGH REVOCABLE LIVING TRUST AGREEMENT dated May 10, 2018,<br><br>  Defendant. | Case No.  1:23-cv-01302-NODJ-BAM<br><br>**ORDER VACATING HEARING SET FOR MARCH 1, 2024**<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 10)<br><br>Deadline: **March 13, 2024** |

On January 24, 2024, Plaintiff Jose Escobedo filed a motion for default judgment against Defendant Maninder Singh, as Trustee under the Nirbhai Singh Revocable Living Trust Agreement dated May 10, 2018.[1]  (Doc. 10.)  Following a preliminary review of the motion, the Court finds supplemental briefing is warranted regarding service of process.[2]

In deciding whether to grant or deny a default judgment, a court must assess the adequacy of the service of process on the party against whom default is requested. *See*, *e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal.

---

[1] Defendant did not file any opposition to the motion.  *See* L.R. 230(c).
[2] Concurrent with this order, the Court has directed Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

1

Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *1 (E.D. Cal. Dec. 15, 2010).

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. Under Rule 4, an individual may be served by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Rule 4 also permits service on an individual in accordance with state law.  Fed. R. Civ. P. 4(e)(1).

Plaintiff has indicated that service was accomplished pursuant to California Code of Civil Procedure § 415.20(b).  (Doc. 6 at p. 1.)  California law permits substituted service by leaving a copy of the summons and complaint at the defendant's dwelling house, usual place of abode, usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b). Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id.*

According to the proof of service on file, Plaintiff served a copy of the summons and complaint on Defendant Singh by substituted service, leaving the documents with "JAGWINDER SINGH – Person in Charge of Office" on October 4, 2023.  (Doc. 5.)  The documents were left at "2496 10th Ave Laton, CA 93242," which is the address for the Farmers Mini Mart facility identified in the complaint.  (Docs. 1, 5.)

The proof of service identifies the manner of service as follows:

> By leaving the copies with or in the presence of JAGWINDER SINGH , (business) a person at least 18 years of age apparently in charge of the office or usual place of business of the person served.  I informed him/her of the general nature of the

papers.  I caused the copies to be mailed (if applicable).  A declaration of mailing is attached.

(Doc. 5 at p. 2.)  Copies of the summons and complaint also were mailed to the same address on October 6, 2023.  (*Id.* at p. 3.)

Based on the proof of service, the Court cannot ascertain whether Plaintiff has properly effectuated service on Defendant Singh.  Substituted service under California law is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" *See* Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Johnson v. Bozorghadad*, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020), report and recommendation adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020) (citation, internal quotation marks, and alteration omitted); *see also Trujillo v. Gogna*, No. 1:22-cv-00707-JLT-SAB, 2023 WL 2301717, at *5 (E.D. Cal. Mar. 1, 2023).

Here, the return of service does not indicate whether the process server made any prior attempts to personally serve Defendant Singh before proceeding with substituted service.  The Court has considered the proof of service, request for entry of default, and the motion for default judgment, but there are no facts in any of these documents demonstrating reasonable diligence.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing on Plaintiff's Motion for Default Judgment (Doc. 10) currently set for March 1, 2024, is VACATED;

2. No later than **March 13, 2024**, Plaintiff shall file supplemental briefing to address the service issues identified by the Court or to otherwise demonstrate that Plaintiff has properly effectuated service on Defendant Singh; and

3. Following receipt of Plaintiff's supplemental briefing, if any, and Plaintiff's response to

1 the concurrently issued show cause order, the Court will take the Motion for Default
2 Judgment (Doc. 10) under submission.  L.R. 230(g).

IT IS SO ORDERED.

    Dated:  **February 21, 2024**   /s/ Barbara A. McAuliffe   _
                                                            UNITED STATES MAGISTRATE JUDGE