UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>   Plaintiff,<br><br>   v.<br><br>MANINDER SINGH, Trustee under the NIRBHAI SINGH REVOCABLE LIVING TRUST AGREEMENT dated May 10, 2018,<br><br>   Defendant. | No. 1:23-cv-01302-KES-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DECLINING SUPPLEMENTAL JURISDICTION, DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE, GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 10, 17) |

Plaintiff Jose Escobedo seeks default judgment against Defendant Maninder Singh, as Trustee under the Nirbhai Singh Revocable Living Trust Agreement dated May 10, 2018, for violating Title III of the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Health & Safety Code.  Doc. 10.

On March 13, 2024, the magistrate judge issued findings and recommendations that recommended (1) the Court decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and California Health & Safety Code construction-related accessibility claims; (2) Plaintiff's Unruh Act and California Health & Safety Code construction-related accessibility claims be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(4); and (3) Plaintiff's motion for

1

1    default judgment be granted in part.  Doc. 17.  The findings and recommendations contained
2    notice that any objections thereto were to be filed within fourteen (14) days after service.  *Id*.
3    Plaintiff served Defendant with the findings and recommendations by mail on March 13, 2024.
4    Doc. 19.  No objections have been filed, and the time in which to do so has passed.  *See* docket.
5          Pursuant to 28 U.S.C. § 636 (b)(1), this Court has conducted a de novo review of the case.
6    Having carefully reviewed the file, the Court concludes that the findings and recommendations
7    are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

    1. The findings and recommendations issued on March 13, 2024, Doc. 17, are **ADOPTED IN FULL**.
    2. The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act and California Health & Safety Code claims.
    3. Plaintiff's Unruh Act and California Health & Safety Code claims are **DISMISSED** without prejudice.
    4. Plaintiff's motion for default judgment is **GRANTED** in part.
    5. Defendant is **FOUND** and **DECLARED** to be in violation of Title III of the Americans with Disabilities Act.
    6. Defendant is **ORDERED** to make the following modifications to the facility known as Farmers Mini Mart, located at 2496 10th Avenue, Laton, California 93242, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act as follows:
        a. Provide a properly configured and identified accessible parking stall with adjacent access aisle;
        b. Provide a properly configured accessible route from the designated accessible parking to the facility entrance, which shall be free of excessive slopes and changes in level; and
        c. Properly adjust and maintain the closing speed of the facility entrance door.
    7. Judgment shall be entered in Plaintiff's favor and against Defendant in the amount of $2,825.84, consisting of attorney's fees, paralegal fees, and costs of suit.

8. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __August 8, 2024__

UNITED STATES DISTRICT JUDGE

3